UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH,<br><br>  Plaintiff,<br><br>  v.<br><br>V. NOGUCHI,<br><br>  Defendant. | No. 2:19-cv-0733 TLN DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). The matter has been removed to this court by defendant.[1] (ECF No. 1). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

---

[1] Because the filing fee was paid when this action was removed from state court to federal court, at this point in the proceedings, neither plaintiff's eligibility to proceed in forma pauperis, nor plaintiff's status as a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) (see Joseph v. Noguchi, No. 2:17-cv-1193 MCE AC P (E.D. Cal. Aug. 27, 2018)) are considered herein.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.    PLEADING STANDARD

### A.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

////

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B.  Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 676.

### III.  PLAINTIFF'S COMPLAINT

Plaintiff names one V. Noguchi of Mule Creek State Prison as the sole defendant in this action.[2]  (See ECF No. 1-1 at 2, 5, 8, 12-13, 16-17).  Construing the complaint liberally,[3] plaintiff

---

[2] In the complaint, plaintiff raises no claims against defendant Noguchi.  (See generally ECF No. 1-1).  If plaintiff wishes to raise claims against defendant Noguchi, he must do so in an amended complaint.

[3] This court is obligated to liberally construe the pleadings of pro se litigants.  See Estelle v.

1  raises the following claims which stem from an alleged indecent exposure incident:  (1) that his
2  right to personal safety was and continues to be put at risk after a yellow place card was put on
3  his cell and he was made to wear an indecent exposure jumpsuit, leaving fellow inmates with the
4  impression that he was a sexual deviant or predator, and (2) that his due process rights were
5  violated when, after being written up for a rule violation, Correctional Officer Gillian[4] did not
6  give him all the paperwork related to the matter.[5]  (See ECF No. 1-1 at 10-11, 14-15).  He seeks
7  compensatory damages in the amount of $60,000.00.  (See ECF No. 1-1 at 4).

**IV. DISCUSSION**

    **A.  Right to Personal Safety**

        **1.  Applicable Law**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee inmates' safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Indeed, the right to personal security constitutes an "historic liberty interest" which is not extinguished by lawful confinement, even for penal purposes.  See Youngberg v. Romero, 457 U.S. 307, 315 (1982) (citations omitted).

A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him.  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013).  However, a single, isolated incident does not amount to an "excessive" or "substantial" risk to inmate safety.  See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding

---

Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

[4] Correctional Officer Gillian is not named as a defendant in this action.  Therefore, the Clerk of Court will be directed to add this name to the case caption of the docket.

[5] With respect to these facts, plaintiff alleges intentional tort and general negligence causes of action. (See ECF No. 1-1 at 12-13, 16-17).  However, "the mere fact that . . . allegedly tortious conduct was performed by a state actor does not support its characterization as a constitutional wrong."  Davis v. Bucher, 853 F.2d 718, 720 (9th Cir. 1988) (citation omitted).  Indeed, the Supreme Court has cautioned against enlarging Section 1983 and the Fourteenth Amendment in this way.  See id.  Moreover, assuming plaintiff's claims could be supported, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).

1  shackling dangerous inmate in shower does not create sufficiently unsafe condition even if inmate
2  might fall; slippery prison floors do not state arguable claim for cruel and unusual punishment).
3  Negligence and gross negligence do not constitute deliberate indifference, either. Farmer, 511
4  U.S. at 835-36 (negligence); see Dent v. Sessions, 900 F.3d 1075, 1083 (9th Cir. 2018) (citation
5  omitted) (gross negligence).

### 2. Relevant Facts

Here, plaintiff alleges that after he was falsely accused of indecent exposure on May 11, 2017,[6] he was written up. (See ECF No. 1-1 at 10, 14). Three days later, a 128 B chrono issued ordering that a yellow card be placed on plaintiff's cell window and that plaintiff be required to wear a lockup jumpsuit.[7] (See id. at 10, 14, 24). It appears that plaintiff was also placed in administrative segregation. (See id. at 20). At that time, plaintiff was told by Correctional Officer Gillian that the disciplinary action against him was going to be dropped. (See id. at 10, 14). Thereafter, plaintiff contends, on or around May 19, 2016, he was released from administrative segregation, and the rules violation report lodged against plaintiff was dismissed. (See id. at 10-11, 14-15, 26). Nevertheless, plaintiff argues that the yellow card and the jumpsuit put his life in danger because they "left the impression . . . that [he] was some kind of sexual deviant[] or predator." (See id. at 10, 14) (brackets added). He claims that "the defendant . . . subjected [him] to a[n] imminent apprehensive situation that is still lingering today." (See id. at 10, 14) (brackets added) (internal quotations omitted).

### 3. Analysis

This claim, as currently presented, is not cognizable. First, plaintiff has not identified who made the decisions to post the yellow card on plaintiff's cell window and to require plaintiff to wear the lockup jumpsuit, nor is there any allegation or indication either in the facts presented or

---

[6] Although plaintiff states the incident occurred on May 11, 2017 (see ECF No. 1-1 at 10, 14), the records provided by plaintiff indicate that the incident occurred either on May 10, 2016, or on May 11, 2016 (see id. at 20, 22-24). Therefore, hereinafter, the court will refer to 2016 as the year the incident in question occurred. If the year 2016 is not accurate, plaintiff must inform the court immediately.

[7] According to the 128 B chrono, both the yellow placard placement and the indecent exposure jumpsuit punishments were to last for thirty days. (See ECF No. 1-1 at 24).

in the exhibits attached to the complaint that the prison employee's actions were done with deliberate indifference to plaintiff's personal safety. (See generally ECF No. 1-1). Moreover, plaintiff has failed to allege any actual harm that has stemmed from being given the yellow card and lockup jumpsuit. (See generally ECF No. 1-1).

Next, at the time plaintiff was presented with the rules violation report, he was told by Gillian that the matter was going to be dropped. (See ECF No. 1-1 at 10, 14). Eight days later, it appears that it was. (See id. at 10, 14, 25-26). These facts indicate that the issuance of the rules violation report was very likely a mistake; an isolated incident, not something that was done with deliberate indifference to plaintiff's personal safety. Thus, even though being labeled as a sex offender in prison has potentially severe consequences, an "accident" or "inadvertent failure" – which appears to have occurred with the issuance of the yellow card and jumpsuit punishments – does not rise to the level of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); see, e.g., Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (finding gross negligence insufficient to state claim for denial of medical needs to prisoner).

For these reasons, as currently presented, this deliberate indifference to personal safety claim is not cognizable. Plaintiff will, however, be given an opportunity amend it. If he chooses to do so, plaintiff will need to clearly identify the individual who imposed the yellow card and jumpsuit restrictions. Plaintiff will also need to provide more facts – if any – which support a claim that the write-up and/or restrictive measures that were imposed – e.g., administrative segregation, the yellow card and the lockup jumpsuit – were not justified at the time and/or were done with deliberate indifference to his personal safety.

      **B.    Right to Procedural Due Process**

           **1.    Applicable Law**

Prisoners are entitled to certain due process protections when subject to disciplinary sanctions (see Brown v. Or. Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (citing Wolff v. McDonnell, 94 S. Ct. 2963, 2978-82 (1974)). In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court determined that a litigant has received adequate procedural due process during prison disciplinary proceedings when he had been given the following: (1) advance, written

1 notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3)
2 written statement of fact-finding; (4) the right to present witnesses and evidence where it would
3 not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6)
4 assistance if an inmate is illiterate or if issues are complex.  Wolff, 418 U.S. at 564-70; see
5 generally Hanrahan v. Lane, 747 F.2 1137, 1140 (7th Cir. 1984).  These requirements protect
6 inmates from "arbitrary actions extinguishing their privileges."  Hanrahan, 747 F.2d at 1140
7 (citation omitted).

### 2. Relevant Facts

Plaintiff alleges that three days after he had been falsely accused of indecent exposure in his cell, Correctional Officer Gillian brought him his CDCR 115 form as well as his CDCR 128 form which mandated the yellow card and lockup jumpsuit restrictions.  (See ECF No. 1-1 at 10, 14).  At that time, plaintiff contends, he asked Gillian "where the rest of the incident report [was]," to which she responded, "I will get it to you later, but the CDCR 115 is gonna get drop[ped]."  (See id. at 10, 14) (brackets added) (internal quotation marks omitted).

Plaintiff argues that even though the CDCR 115 was eventually dismissed, because he never received all the paperwork from the incident, he was deprived of his due process rights because despite the dismissal, he still had the right to pursue an appeal.  (See ECF No. 1-1 at 10-11, 14-15).

### 3. Analysis

As currently presented, this argument also fails to state a claim.  First, Wolff only requires that a plaintiff receive advance, written notice of his violations prior to his disciplinary hearing.  Wolff, 418 U.S. at 564-65.  It provides no instruction re:  what the content of such notice should have been.  Next, plaintiff fails to assert that he was deprived of any of the other specific Wolff protections during the disciplinary proceedings.  (See generally ECF No. 1-1).  Moreover, plaintiff has not established that he had a constitutional right to receive "all the paperwork" related to his rules violation incident so that he could file an appeal at a later date.  (See generally id. at 10-11, 14-15).

////

Finally, and of core significance, is the fact that plaintiff has clearly stated that the disciplinary charges against him were ultimately dropped. (See ECF No. 1-1 at 10-11, 14-15). Thus, even if plaintiff had been improperly deprived of the due process protections that are guaranteed under Wolff, no causal, actionable harm resulted from said deprivation. The fact that prison officials' failure to provide plaintiff a copy of the entire incident report has affected his ability to file an appeal in the future (see id. at 11, 15), is not procedural due process that is protected under Wolff. See generally Wolff v. McDonnell, 418 U.S. 539 (1974).

For these reasons, plaintiff's Due Process Clause claim is not cognizable, either. Nevertheless, plaintiff will be given the opportunity to attempt to correct the deficiencies in it as well in an amended complaint.

**V.      OPTION TO AMEND THE COMPLAINT**

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter

being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall add Correctional Officer Gillian of Mule Creek State Prison as a defendant in the case caption of the docket;

2. Plaintiff's complaint (ECF No. 1, et seq.) is DISMISSED with leave to amend, and

3. Plaintiff shall have sixty days from the date of this order within which to file an amended complaint.

Plaintiff is warned that failure to file an amended complaint in a timely manner will result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

Dated: August 27, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/jose0733.scrn